IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

| | |
|---|---|
| IN RE MICHAEL CHRISTOPHER FITZPATRICK, | Case No. 1:26-cv-02619-REB |
| Debtor. | Bankr. No. 26-10766-JGR |
| RAMINTA STOCKUTE FITZPATRICK, | |
| Appellant, | |
| v. | |
| MICHAEL CHRISTOPHER FITZPATRICK and U.S. BANK NATIONAL ASSOCIATION, | |
| Appellees. | |

## ORDER DISMISSING APPEAL

Appellant appeals the Bankruptcy Court's *Order Denying Motion to Vacate Order Granting Relief from Stay* [Bankr. ECF No. 32] ("Order"). The Court issued an *Order to Show Cause* ("OSC") requiring the parties to address whether Appellant has standing to appeal the Order.

### I.      BACKGROUND

On July 31, 2020, Michael Christopher Fitzpatrick ("Debtor") executed a line of credit agreement ("Promissory Note") with lender U.S. Bank National Association ("Appellee") valued at $50,549.[1] That same day, Debtor and Appellant executed a security instrument ("Deed of

---

[1] *Motion for Relief from Automatic Stay* ("Motion") [Bankr. ECF No. 20], Exhibit 2.

Trust") to serve as security for the Promissory Note.[2] Debtor filed a chapter 7 petition on February 10, 2026. According to Debtor's Schedule A/B, Debtor owns half the value of the property at 1651 Grand Avenue in Canon City, Colorado ("Property"), which is "[p]resently occupied by debtor's estranged wife and [children]."[3] Debtor listed two secured claims against the Property held by JPMorgan Chase Bank, N.A. and U.S. Bank Home Mortgage.[4] Appellant is also listed as a creditor holding an unsecured claim for domestic support obligations.[5]

On April 15, 2026, Appellee filed a *Motion for Relief from Automatic Stay* ("Motion")[6] pursuant to 11 U.S.C. § 362(d), which was served on Debtor but not Appellant. No objections to the Motion were filed, and the Bankruptcy Court granted the Motion on May 14, 2026.[7] On May 22, 2026, Appellant filed her *Motion of Non-Debtor Spouse Raminta Stockute Fitzpatrick to Vacate Order Granting Relief from Automatic Stay (Doc 24) Pursuant to Fed. R. Civ. P. 60(b)(4) and Fed. R. Bankr. P. 9024* ("Motion to Vacate")[8] arguing that she did not receive notice and that granting the Motion adversely affects her interest in the Property.

On May 28, 2026, the Bankruptcy Court entered the Order denying the Motion to Vacate. In the Order, the Bankruptcy Court explained that Debtor's bankruptcy case triggered an automatic stay that does not protect Appellant as a non-debtor. Further, the Bankruptcy Court determined that Appellant is not exposed to any personal liability from granting relief from the automatic stay because she is not obligated on Appellee's secured claim given that the

---

[2] Motion, Exhibit 3.
[3] *Schedule A/B: Property* [Bankr. ECF No. 1].
[4] *Schedule D: Creditors Who Have Claims Secured by Property* [Bankr. ECF No. 1]. Appellant is listed as a codebtor on the secured claims.
[5] *Schedule E/F: Creditors Who Have Unsecured Claims* [Bankr. ECF No. 1].
[6] Bankr. ECF No. 20.
[7] *Order on Motion for Relief from Stay* [Bankr. ECF No. 24] ("Stay Relief Order").
[8] Bankr. ECF No. 27.

Promissory Note was solely executed by Debtor.[9] The Bankruptcy Court also determined that

Appellant had "voluntarily conveyed her one-half interest in the property to serve as security"[10]

for Appellee's claim by executing the Deed of Trust.[11]

## II.    LEGAL STANDARD

The Tenth Circuit Court of Appeals recognizes "a federal court must, *sua sponte,* satisfy

itself of its power to adjudicate in every case and at every stage of the proceedings and the court

is not bound by the acts or pleadings of the parties."[12] This Court reviews whether an appellant

has both Article III standing[13] and prudential "person aggrieved" standing.[14] The Tenth Circuit

recognizes "although the Bankruptcy Code 'does not contain an explicit grant or limitation on

appellate standing,' only a 'person aggrieved' by a bankruptcy court's order may appeal."[15] This

standard "requires an appellant to show that he is a person aggrieved by the challenged

bankruptcy court order. That is, only a person whose rights or interests are directly and adversely

affected pecuniarily by the decree or order of the bankruptcy court may appeal."[16] To qualify as

---

[9] Order at 2. *See also* Motion, Exhibit 2 [Bankr. ECF No. 20-2].

[10] Order at 3.

[11] *See* Motion, Exhibit 3 [Bankr. ECF No. 20-3].

[12] *See Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).

[13] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03 (1998); *In re Lacy*, 335 B.R. 729, 736 (10th Cir. BAP 2006) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) (implicitly referencing Article III standing)).

[14] *In re Alpex Comput. Corp.*, 71 F.3d 353, 357 n.6 (10th Cir. 1995) (The "person aggrieved" prudential standing requirement is more stringent in bankruptcy appeals "than the 'case or controversy' standing requirement of Article III."). *See also In re C.W. Mining Co.*, 636 F.3d 1257, 1261 n.5 (10th Cir. 2011) ("The 'person aggrieved' standing rule is a prudential limitation, not an Article III limitation. Accordingly, we may assume, without deciding, that [appellant] is a 'person aggrieved.'").

[15] *In re Petroleum Prod. Mgmt., Inc.*, 282 B.R. 9, 15 (10th Cir. BAP 2002) (quoting *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994)).

[16] *In re Am. Ready Mix, Inc.*, 14 F.3d at 1500 (internal citations omitted).

a person aggrieved, a party must show that the bankruptcy court order at issue "diminish[ed his] property, increase[ed his] burdens, or impair[ed his] rights."[17]

### III.    PARTIES' ARGUMENTS

Appellant acknowledges that she is not a borrower on the Promissory Note, and "therefore does not assert personal liability on the underlying debt as a basis for standing; her standing rests on her recorded ownership interest in the Property that the order subjects to foreclosure."[18] Appellant argues that as "the record co-owner" of the Property, "[t]he loss of a recorded ownership interest" is a "direct pecuniary injury."[19] Appellant notes that being a non-debtor in the underlying bankruptcy proceeding "does not diminish her standing" because of her one-half ownership interest.[20] Appellant also argues that she was recognized as an interested party in the bankruptcy proceeding, which supports having standing to appeal the Order. Finally, Appellant argues that she satisfies the requirements for Article III standing because (1) she has suffered a concrete, particularized, and imminent injury ("the threatened loss of her recorded ownership interest in the Property"); (2) the injury is traceable to the Order ("by leaving in place the stay relief authorizing foreclosure against the Property, the Order is the direct cause of the threat to Appellant's interest"); and (3) the injury is redressable (because Appellant notes that at the time of filing the Memorandum, no foreclosure sale has occurred).[21]

---

[17] *In re Petroleum Prod. Mgmt.*, *Inc.*, 282 B.R. at 14 (quoting *In re Am. Ready Mix*, 14 F.3d at 1500).

[18] *Appellant's Memorandum Regarding Standing to Appeal* [ECF No. 6] ("Memorandum") at 3 n.2.

[19] *Id.* at 5.

[20] *Id.* ("That Appellant is a non-debtor does not diminish her standing; it sharpens it. Her one-half ownership interest is her own—it was never property of the Debtor's bankruptcy estate. The Order nonetheless authorizes foreclosure reaching that interest.").

[21] *Id.* at 6–7.

Appellee argues that the stay never protected Appellant's interest because the Order "lifted the stay only as to the Debtor's one-half interest in the bankruptcy estate. It did not create, expand, or authorize any right against Appellant's separate interest that [Appellee] did not already hold under the Deed of Trust. [Appellee's] ability to pursue its lien against Appellant's interest arises from state law and existed identically before the Order, after the Order, and would exist identically if the Order were vacated."[22] As such, Appellee argues that Appellant lacks both "person aggrieved" and Article III standing. Appellee argues that Appellant's alleged injury of potential loss of property interest is not traceable to the Order but rather "to her own execution of the Deed of Trust."[23] Further, redressability is not met "because vacating the Order would not restore any stay protection to an interest that was never stayed," and "a favorable ruling would leave Appellant exposed to foreclosure exactly as before."[24] Ultimately, Appellee argues that "[a]n order that neither caused nor can cure the harm alleged cannot support standing to appeal."[25]

## IV.    DISCUSSION

Appellant has the burden of showing that she is a person aggrieved, i.e., that her "rights or interests are directly and adversely affected pecuniarily" by the Order.[26] Here, Appellant holds one-half ownership in the Property. Appellant has failed to show that this interest is directly and adversely affected by the Order, as the Order grants relief from the automatic stay under

---

[22] *Appellee U.S. Bank National Association's Response to Appellant's Memorandum Regarding Standing to Appeal* [ECF No. 8] ("Response") at 2.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994) (internal citations omitted).

§ 362(d),[27] and Appellant's interest is not subject to the automatic stay (she is neither a debtor or a codebtor in the underlying bankruptcy proceeding).[28] Appellant fails to provide any authority establishing that a non-debtor's ownership interest of property co-owned by the estate conveys standing to appeal an order granting relief from the automatic stay (or an order denying reconsideration of a stay relief order). Additionally, the Order does not directly cause the harm alleged by Appellant (i.e., the loss of her interest in the property, possessory or otherwise). The Order only denied vacating the decision that granted relief from the automatic stay; it does not foreclose on the property. Any effect the Order has on Appellant appears indirect at best and, thus, Appellant lacks standing to appeal.

For the foregoing reasons, it is HEREBY ORDERED:

1. The appeal is dismissed.

2. All deadlines are VACATED.

Dated this 31st day of July 2026.

BY THE COURT:

s/Robert E. Blackburn
Judge Robert E. Blackburn
United States District Judge

---

[27] Under 11 U.S.C. § 362(a)(3), a filed chapter 7 petition operates as a stay of "any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over property of the estate." (emphasis added).

[28] *See Rajala v. Gardner*, 709 F.3d 1031, 1037 (10th Cir. 2013) ("Under 11 U.S.C. § 362(a)(3), the filing of a Chapter 7 bankruptcy petition automatically stays 'any act to obtain possession of property of the estate . . . or to exercise control over property of the estate.' Section 541(a)(1) defines property of the estate to include 'all legal or equitable interests of the debtor in property as of the commencement of the case,' and § 541(a)(3) also includes in the estate '[a]ny interest in property that the trustee recovers under section . . . 550.'").